# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

11 CIV 7358

JUDGE BUCHWALD

| | |
|---|---|
| DENNIS GATTI, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>-against-<br><br>TIMES SQUARE ARTS CENTER, LLC, 300 WEST 43RD STREET REALTY INC., 300 WEST 43RD STREET, LLC, and RICHARD BASCIANO, Jointly and Severally,<br><br>Defendants. | Civ. Action No. _____<br><br>**COLLECTIVE ACTION COMPLAINT** |



RECEIVED OCT 18 2011 U.S.D.C. S.D. N.Y. CASHIERS

## NATURE OF THE ACTION

1.   Plaintiff DENNIS GATTI ("Gatti" or, the "Plaintiff") alleges, on behalf of himself and all other similarly situated current and former employees who worked for defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) that he is entitled to (i) unpaid wages from defendants TIMES SQUARE ARTS CENTER, LLC, 300 WEST 34RD STREET REALTY INC., 300 WEST 43RD STREET LLC, (collectively, the "Corporate Defendants"), and RICHARD BASCIANO ("Basciano" and, collectively with the Corporate Defendants, the "Defendants") for "off-the-clock" work performed for which he received no compensation at all; (ii) unpaid wages for overtime work for which he did not receive overtime premium pay, as required by law; and (iii) liquidated damages, interest, costs and attorneys' fees pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.   Plaintiff further complains on behalf of himself and any other similarly situated current or former employees of Defendants who opt into an FLSA collective action, that he is

1

entitled to wages from Defendants for work performed: (i) for which he received no compensation at all for "off-the clock" work performed; (ii) for overtime work for which he did not receive overtime premium pay, as required by New York Labor Law (NYLL) §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the NYLL); and (iii) for unpaid "spread-of-hour" pay when working split shifts and more than 10 hours in any one day. Plaintiff and the class are also entitled to liquidated damages, interest, costs and reasonable attorneys' fees.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6.  Plaintiff Gatti was, at all relevant times, an adult individual residing in Richmond County, New York who worked for Defendants from on or about November 2005 throughout on or about September 2011.

7.  Upon information and belief, Defendant Times Square Arts Center, LLC is an active New York corporation with its principle place of business at 300 West 43rd Street, Suite G, New York, New York 10036.

2

8. Upon information and belief, Defendant 330 West 43rd Street Realty Inc. is an active New York corporation with its principle place of business at 300 West 43rd Street, Suite 400, New York, New York 10036.

9. Upon information and belief, Defendant 330 West 43rd Street, LLC is an active Delaware corporation with its principle place of business at 300 West 43rd Street, Suite 400, New York, New York 10036.

10. Upon information and belief, Basciano has been, at all material times herein, an officer or director of the Corporate Defendants who participated in the day-to-day operations of the Corporate Defendants, and who acted intentionally and maliciously in his direction and control of Plaintiff and other similarly situated employees. Basciano is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NYLL, § 2, and the regulations thereunder, and is jointly and severally liable with the Corporate Defendants.

## COLLECTIVE ACTION ALLEGATIONS

11. Pursuant to 29 U.S.C. § 216(b), Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all other similar restaurant and nightclub employees who were employed by Defendants between October 18, 2008 and the date Defendants' business closed in or around September 2011 (the "Collective Action Period"), and who are non-exempt within the meaning of the FLSA and were not paid for certain hours worked and were not paid overtime wages at the required premium rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

12. Plaintiff will fairly and adequately protect the interests of the Collective Action

3

Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

13. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since all potential Collective Action Members are not presently ascertainable. Furthermore, inasmuch as the damages suffered by some Collective Action Members may be relatively small, the expense and burden of individual litigation make it very difficult for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

14. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

    c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiff was employed, in violation of 29 C.F.R. § 516.4;

    e. whether Defendants failed to pay the Collective Action Members minimum wage for

all hours worked as well as overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

g. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

## NEW YORK LABOR LAW ALLEGATIONS

15. Pursuant to the NYLL, Plaintiff sues on his own behalf, and on behalf of any individuals who properly opt into the FLSA Collective Action (the "Opt-In Plaintiffs"). Plaintiff seeks damages for his NYLL claims on behalf of all FLSA opt-ins who were employed by Defendants at any time between October 18, 2005 and the date Defendants' business closed in or around September 2011 (the "NYLL Period"), and who (i) were not paid for all hours worked; (ii) were not paid overtime at the required rate of not less than one and one-half times the regular rate of pay for hours worked in excess of forty (40) hours per workweek; and (iii) were not paid spread-of-hour payments for each day where they worked longer than ten (10) hours and/or a split shift (the "NYLL Claim Members").

16. As stated above, Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation. Plaintiff will fairly and adequately represent and protect the interests of any forthcoming FLSA opt-ins who become NYLL Claim Members. Plaintiff understands that as class representative he assumes a fiduciary responsibility to NYLL Claim Members to represent their interests fairly and

adequately. Plaintiff further recognizes that he must represent and consider the interests of the other NYLL Claim Members just as he would represent and consider his own interests, including with regard to decisions about the conduct of the litigation and its possible settlement.

17. As stated above, there are questions of law and fact common to the putative NYLL Claim Members which predominate over any questions solely affecting individual employees, including but not limited to:

   a. whether Defendants employed the NYLL Claim Members within the meaning of the NYLL;

   b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the NYLL Claim Members;

   c. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   d. whether Defendants failed and/or refused to pay Plaintiff and the NYLL Claim Members wages for all hours worked and premium pay for hours worked in excess of forty (40) hours per workweek;

   e. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, interest, costs and disbursements and attorneys' fees; and

   f. whether Defendants failed to pay Plaintiffs and the NYLL Claim Members an additional hour of pay for each hour worked in excess of ten hours in one day and an additional hour of pay for each split shift worked in a day.

## STATEMENT OF FACTS

18. At all relevant times, Defendants have been in the nightclub business. Defendants owned, operated and managed Times Square Arts Center, a comedy club and nightclub located at

609 Eighth Avenue, New York, NY 10036, until it closed in September 2011.

19. Plaintiff Gatti worked for Defendants from approximately November 2005 through approximately September 2011 (the "Gatti Employment Period"), as a manager, bartender, and "booker" (the individual in charge of finding and securing acts for a comedy club).

20. Throughout the Gatti Employment Period, Mr. Gatti was typically required to work between fifty (50) and sixty (60) hours each week. Mr. Gatti was not paid at overtime rates for hours worked beyond forty (40) hours in one workweek.

21. In addition to working on an hourly basis as a bartender, on certain days Mr. Gatti was paid a flat rate of $150.00 to serve as the manager of Times Square Arts Center. Mr. Gatti's managerial shifts varied in length, sometimes lasting as long as fifteen (15) hours. On other days, Defendants refused to let Mr. Gatti serve as manager and paid him nothing.

22. Throughout the Gatti Employment Period, Mr. Gatti frequently worked more than ten (10) hours in one day, yet he did not receive "spread-of-hours" compensation in an amount equal to one hour's pay at the minimum wage on those days.

23. From the beginning of the Gatti Employment Period through the pay period ending December 6, 2009, Mr. Gatti was paid $200.00 per week for his services as a booker. Mr. Gatti was then forced to continue working as the booker but without receiving any compensation for the services. Defendants failed to maintain any record of the time spent by Mr. Gatti working as Defendants' booker.

24. Upon information and belief, on a weekly basis Defendants' accountants would intentionally remove hours Mr. Gatti worked beyond forty (40) from his timesheet, in order to reduce his weekly earnings. Regardless of whether Mr. Gatti's bartending hours occurred during

or independent of his manager shifts, Mr. Gatti received no wages for the bartending hours.

25. Throughout the Gatti Employment Period, Mr. Gatti was regularly paid for fewer hours than the total hours indicated by his timesheet. Defendants would typically pay Mr. Gatti the gratuities he earned while bartending, but would treat Mr. Gatti's bartending hours as part of his managerial shifts. During many pay periods, Mr. Gatti's paystubs show no hourly earnings while Mr. Gatti's timesheets show many hours worked both as manager and bartender.

26. Plaintiff's work was performed in the normal course of Defendants' business and was integrated into Defendants' business.

27. The work performed by Plaintiff required little skill and no capital investment.

28. Upon information and belief, throughout the NYLL Period and the Collective Action Period, Defendants likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment, providing general nightclub and restaurant services. Upon information and belief, all such individuals worked in excess of forty (40) hours a week and often worked more than ten (10) hours in a given day.

29. Upon information and belief, Defendants have willfully failed to pay these similarly situated individuals minimum wage for all hours worked, overtime, and additional payments equal to one hour's pay at minimum wage for all days on which the individuals worked more than ten (10) hours.

30. As stated, the exact number of such similarly situated individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

31. Upon information and belief, throughout all relevant time periods and during the course of Plaintiff's own employment, Defendants failed to post or keep posted a notice

8

explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

32. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

33. At all relevant times Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

34. At all relevant times, Defendants employed Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

35. Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

36. Plaintiff has provided his consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

37. At all relevant times, Defendants had a policy and practice of refusing to pay their employees wages for all hours worked and overtime compensation for hours worked in excess of forty hours per workweek.

38. As a result of Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate not less than minimum wage and one and one-half times the regular rate of pay (at rates of at least minimum wage) for work performed in excess of forty (40) hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. As a result of the Defendants' failure to record, report, credit and/or compensate

its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

40. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

41. Due to Defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid wages, their unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CLAIM FOR RELIEF
### NEW YORK LABOR LAW – FAILURE TO PAY OVERTIME
### AND SPREAD-OF-HOURS PAYMENTS

42. Plaintiff, on behalf of himself and the Opt-In Plaintiffs, repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

43. At all relevant times, Plaintiff and the Opt-In Plaintiffs were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

44. Defendants willfully violated Plaintiff's rights and the Opt-In Plaintiffs' rights by failing to pay them overtime compensation for all hours worked as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the NYLL and its regulations.

45. The Defendants' NYLL violations have caused Plaintiff and the Opt-In Plaintiffs

irreparable harm for which there is no adequate remedy at law.

46. Due to Defendants' NYLL violations, Plaintiff and the Opt-In Plaintiffs are entitled to recover from Defendants their unpaid wages and unpaid overtime compensation, an additional hour of pay for each hour worked in excess of ten hours in one day, liquidated damages, additional damages for unreasonably delayed payment of wages, reasonable attorneys' fees, interest and costs and disbursements of the action pursuant to NYLL § 663(1) et al and § 196-d.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW – FAILURE TO PAY WAGES

47. Plaintiff, on behalf of himself and the Opt-In Plaintiffs, repeats, realleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

48. Defendants entirely failed to pay Plaintiff and the Opt-In Plaintiffs for certain hours worked by Plaintiff and the Opt-In Plaintiffs. Defendants failed to pay Plaintiff and the Opt-In Plaintiffs compensation at the agreed upon regular and overtime compensation rates. Defendants failed to pay Plaintiff and the Opt-In Plaintiffs all wages owed to them by rounding down their hours.

49. Defendants' failure to pay Plaintiff and the Opt-In Plaintiffs at the agreed-upon rates constitutes a violation of, *inter alia*, NYLL §§ 191 and 198.

50. Due to Defendants' NYLL violations, Plaintiff and the Opt-In Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, additional damages for unreasonably delayed payment of wages, reasonable attorneys' fees, interest and costs and disbursements of the action pursuant to NYLL § 663(1) et al. and § 196-d.

## PRAYER FOR RELIEF

Wherefore, Plaintiff on behalf of himself and all other similarly situated Collective Action Members and Opt-In Plaintiffs, respectfully requests that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b. An order tolling the statute of limitations;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

d. An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of wages for all hours worked at agreed-to wage rates as well as overtime compensation due under the FLSA and the NYLL;

f. An award of unpaid spread-of-hours pay during each day when Plaintiff and the Opt-In Plaintiffs worked split shifts or worked in excess of 10 hours within the State of New York;

g. An award of liquidated and/or punitive damages as a result of the Defendants'

willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL;

h.  An award of damages arising out of the non-payment of wages;

i.  An award of damages arising out of the non-payment of overtime wages;

j.  An award of prejudgment and post-judgment interest;

k.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.  Such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 18, 2011

PELTON & ASSOCIATES PC

By: _____
Brent E. Pelton (BP 1055)
Attorney for Plaintiff, Individually, and
on Behalf of All Other Persons Similarly Situated
111 Broadway, Suite 901
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

February 3, 2011
Page 7

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Times Square Arts Center, 300 West 43rd Realty Inc., Richard Basciano, and their respective owners and affiliates to pay me wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____  2/3/11            Dennis S. Gatti
    Signature      Date                  Printed Name