UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS GATTI, Individually and on Behalf of
All Others Similarly Situated,

                   Plaintiff,

             -against-

TIMES SQUARE ARTS CENTER, LLC, 300
WEST 43RD STREET REALTY, INC., 300
WEST 43RD STREET, LLC AND RICHARD
BASCIANO, Jointly and Severally,

                 Defendants.

Civil Action No. 11 Civ 7358 (NRB)

**JOINT MOTION FOR APPROVAL OF
SETTLEMENT AND DISMISSAL WITH
PREJUDICE OF CLAIMS**

     Plaintiff Dennis Gatti and Defendants Times Square Arts Center, LLC, 300 West 43rd Street Realty, Inc., 300 West 43rd Street, LLC and Richard Basciano (collectively "the Parties") file this Joint Motion for Approval of Settlement and Dismissal with Prejudice of Claims.

## SETTLEMENT AND DISMISSAL OF CLAIMS

    1.     In this action, Plaintiff alleges, *inter alia*, that Defendants failed to pay overtime and other wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law.

    2.     The Parties continue to dispute the amount of overtime wages and other relief due to the Plaintiff (if any), and Defendants deny each and every claim made by the Plaintiff in the Action. However, the Parties desire to fully and finally resolve any and all disputes regarding any and all of Plaintiff's claims in the action without the expense of further litigation.

    3.     In furtherance of the Parties' mutual desire to resolve their dispute without further litigation between them, they have entered into a Confidential Settlement Agreement, Waiver

and General Release (the "Agreement"). The primary purpose of this Motion is to request the Court's approval of the Agreement in accordance with the requirements of the FLSA.

4. The FLSA places certain limits on a current or former employee's ability to waive claims for unpaid wages or overtime under 29 U.S.C. § 216. *See Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981); *Brooklyn Savings Bank v. O'Neill*, 324 U.S. 697, 706-07 (1945). With only two exceptions, employees cannot waive FLSA claims for unpaid wages or overtime. The two exceptions are for: (1) settlements supervised by the Secretary of Labor, and (2) judicially-approved stipulated settlements. *Manning v. New York University*, No. 98 CIV 3300 (NRB), 2001 WL 963982, *11 (S.D.N.Y. Aug. 22, 2001), *aff'd*, 299 F.3d 156 (2d Cir. 2002), *cert. denied*, 538 U.S. 1035 (2003).

5. The exception for judicially-supervised stipulated settlements originated with *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946), where the Supreme Court stated as follows:

> Even though stipulated judgments may be obtained, where settlements are proposed in controversies between employers and employees over violations of the Act, by the simple device of filing suits and entering agreed judgments, we think the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties. *Id.* at 113 n.8.

6. In the wake of *D.A. Schulte*, it has become well-settled that an employee may waive an FLSA claim for unpaid wages or overtime pursuant to a judicially-supervised stipulated settlement. *See, e.g.*, *Lynn's Food Stores, Inc. v. U.S. By and Through U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness); *see also Urbino v. Puerto Rico Ry. Light & Power Co.*, 164 F.2d 12, 14 (1st Cir. 1947); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947); *Bracey v. Luray*, 161 F.2d 128 (4th Cir. 1947) (citing *D.A. Schulte* in holding

that judicially-supervised settlement agreement of FLSA claims between employees and employer was enforceable); *DeBraska v. City of Milwaukee*, 11 F. Supp.2d 1020, 1026-27 (E.D. Wis. 1998) (court-approved settlement of FLSA claim constitutes final judgment with *res judicata* effect); *Manning,* 2001 WL 963982, *11-13.

7.      The Parties represent to the Court that the Agreement: (a) is fair to all Parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the merits of the Plaintiff's claims; and (c) demonstrates a good faith intention by the Parties that the Plaintiff's claims for liability and damages be fully and finally resolved, and not relitigated in whole or in part at any point in the future.

8.      The parties have agreed to keep the specific terms and conditions of the Agreement confidential.  To that end, the parties respectfully request Court approval to present the Agreement to the Court in its written form under seal for an *in camera* review should the Court so direct, and without waiving the confidential nature of the Agreement.  Upon the Court's finding that the Agreement is fair, the Parties respectfully request that the proposed Order be entered by the Court.

## CONCLUSION

WHEREFORE, the parties to this action respectfully request an Order:

1.      Approving the Agreement between the parties; and

2.      Dismissing with prejudice the claims of Plaintiff.

Dated: New York, New York                    Dated: Melville, New York
      January 25, 2012                                    February 3, 2012


      PELTON & ASSOCIATES, P.C.          LITTLER MENDELSON, P.C.


By:       /s/ Brent Pelton_____          By:    /s/ Lisa M. Griffith_____
      Brent Pelton                                    John T. Bauer
      111 Broadway, Suite 901                    Lisa M. Griffith
      New York, NY 10006                          290 Broadhollow Road, Suite 305
      P: 212-385-9700                                Melville, New York 11747
      F: 212-385-0800                                P: 631.247.4700
      Attorneys for Plaintiff                          F: 631.293.4526
                                             Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENNIS GATTI, Individually and on Behalf of   Civil Action No. 11 Civ 7358 (NRB)
All Others Similarly Situated,

Plaintiff,                    **PROPOSED ORDER**

-against-

TIMES SQUARE ARTS CENTER, LLC, 300
WEST 43RD STREET REALTY, INC., 300
WEST 43RD STREET, LLC AND RICHARD
BASCIANO, Jointly and Severally,

Defendants.

---

AND NOW, THIS ____ DAY OF _____, 2012, the Court having

reviewed the pleadings in this case executed by Plaintiff Dennis Gatti and Defendants Times

Square Arts Center, LLC, 300 West 43rd Street Realty, Inc., 300 West 43rd Street, LLC and

Richard Basciano (collectively "the Parties"), and considered applicable case law, and for good

cause shown, it is **ORDERED**, **ADJUDGED** and **DECREED** that:

1.      The Confidential Settlement Agreement & General Release:   (a) is fair to all

Parties; (b) reasonably resolves a bona fide disagreement between the Parties with regard to the

merits of the Plaintiff's claims; and (c) demonstrates a good faith intention by the Parties that the

Plaintiff's claims for liability and damages be fully and finally resolved, and not relitigated in

whole or in part at any point in the future.   The Agreement is therefore **APPROVED** by the

Court.   The Agreement is intended by the Parties to be confidential, and shall remain **SEALED**

by order of this Court.

2.      This lawsuit and the claims of Plaintiff are **DISMISSED WITH PREJUDICE** in

their entirety.

3.      Each party shall bear his/its own costs, including attorney's fees.


_____
UNITED STATES DISTRICT JUDGE


Agreed:

PELTON & ASSOCIATES, P.C.                    LITTLER MENDELSON, P.C.


By:     __/s/ Brent Pelton_____     By:     _____/s/ Lisa M. Griffith____
Brent Pelton                                 John T. Bauer
111 Broadway, Suite 901                      Lisa M. Griffith
New York, NY 10006                           290 Broadhollow Road, Suite 305
P: 212-385-9700                              Melville, New York 11747
F: 212-385-0800                              P: 631.247.4700
Attorneys for Plaintiff                      F: 631.293.4526
                                             Attorneys for Defendants